UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **Chad W. Hurta,** | § | **CIVIL ACTION NO. _____** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **OQ Chemicals Corporation,** | § | |
| **Defendant.** | § | **A JURY IS DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Chad W. Hurta, by and through his attorney John Griffin, Jr., as and for his complaint against OQ Chemicals Corporation, alleges as follows:

## NATURE OF THE ACTION

1.     If OQ Chemicals Corporation had judged Chad Hurta on his abilities and the quality of his work, he would still be working as an operator  as he did for more than 20 years. But once he developed a disability and requested a reasonable accommodation, things changed. OQ Chemicals originally said it would accommodate him, but only three days later, however, it informed him that he didn't meet the company's needs and terminated his employment, effective immediately.

## JURISDICTION AND VENUE

2.     This case is brought under the ADAAA, 42 U.S.C. § 12101 et seq. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e-5(f)(3), which is incorporated into the ADAAA at 42 U.S.C. § 12117(a). This action

is not related to any other case filed in this court.

3.      The plaintiff has exhausted his administrative remedies and complied with statutory prerequisites by timely filing a charge of discrimination with the EEOC to challenge the disability discrimination by OQ Chemicals. He has requested a right to sue from the Equal Employment Opportunity Commission on his charge of discrimination and such right to sue letter has been issued. Plaintiff timely filed this lawsuit to vindicate his rights.

4.      Mr. Hurta was working at OQ Chemicals in Bay City, Texas, and would have continued to work there if he had not been wrongfully terminated and wrongfully denied any accommodation. Venue is invoked pursuant to 42 U.S.C. § 2000e-5(f)(3), which is incorporated into the ADAAA at 42 U.S.C. § 12117(a).

## PARTIES

5.      The plaintiff, Mr. Hurta, is an adult resident of Matagorda County, Texas.

6.      The defendant, OQ Chemicals, is a corporation organized and existing under the laws of the State of Delaware and doing business within the State of Texas. It may be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## STATEMENT OF FACTS

7.     Mr. Hurta is a well-qualified process operator and worked for the defendant for over 20 years.

8.     Mr. Hurta was diagnosed with Guillain-Barre Syndrome (GBS) and was hospitalized in March 2022. Defendant refused to accommodate his disability and terminated him even before he could recover. The sequence of events is described below.

9.     When Mr. Hurta was released from the hospital, he informed OQ Chemicals that he would not be able to work for a period of time while he was recovering from GBS and asked about available accommodations. OQ Chemicals' response to Mr. Hurta was that it would accommodate him by allowing him either leave without pay and/or the use of his paid vacation days. It told him that the company policy prohibited light duty as an accommodation. That was not accurate. In fact, OQ Chemicals had previously accommodated workers by allowing them to work light duty or to avoid heavy lifting and climbing. Faced with OQ's statements, Mr. Hurta agreed to use first his paid vacation days and then to take leave without pay while he was being treated. Defendant agreed. But three days later, Defendant terminated Mr. Hurta, informing him that he no longer met the company's needs. At that time, Mr. Hurta was improving, so he told OQ Chemicals that he didn't want to be terminated and was able to work light duty and would eventually recover from the

symptoms of GBS.  OQ told him that the decision was final and had been approved by legal counsel.

10.    Even though OQ Chemicals knew full well from Mr. Hurta's twenty years of excellent work that he was eminently qualified, it terminated him in violation of the ADAAA, 42 U.S.C. § 12112(a), (b)(1), (b)(3), and (b)(5) and 42 U.S.C. § 12203. These illegal acts caused Mr. Hurta's damages, including lost wages and benefits, and mental anguish damages. Likewise, its failure to engage in the interactive good faith accommodation process and failure to grant any accommodation also was a cause of damages to Mr. Hurta.

## COUNT I:  VIOLATION OF THE ADAAA

11.    Mr. Hurta was a qualified individual who performed his job with distinction, but OQ Chemicals failed to accommodate his disability and terminated him because of his disability, GBS, in violation of 42 U.S.C. § 12112(a), (b)(1), (b)(3), and (b)(5) and 42 U.S.C. § 12203, which prohibit discrimination in employment on the basis of actual or perceived disability.

## COUNT II:  VIOLATION OF THE TEXAS LABOR CODE

12.    Mr. Hurta was a qualified individual who performed his job with distinction, but OQ Chemicals failed to accommodate his disability and terminated him because of his disability, GBS, in violation of Tex. Labor Code §§ 21.051, 21.055, and 21.128(a), which prohibit discrimination in employment on the basis of

disability.

## DAMAGES

13.    Mr. Hurta's damages include lost wages and benefits, and mental anguish.

14.    Further, because  OQ Chemicals' actions were of the sort that render the imposition of punitive damages appropriate, Mr. Hurta is entitled to an award of these damages, which he seeks.

## JURY DEMAND

15.    Mr. Hurta demands a jury trial.

## RELIEF REQUESTED

WHEREFORE, Mr. Hurta asks this court to enter a judgment:

a.    Declaring that the acts and practices complained of in this Complaint are in violation of the Americans with Disabilities Act and the Texas Labor Code;

b.    Enjoining and permanently restraining these violations of law;

c.    Directing OQ Chemicals to pay him for the actual and compensatory damages that he suffered, past and future;

d.    Directing OQ Chemicals to award him front pay (or reinstatement in lieu of front pay);

e.    Directing OQ Chemicals to pay him punitive damages for its conduct in an amount as yet to be ascertained;

f.    Awarding Mr. Hurta pre-judgment interest on the amounts owed at the maximum rate allowed by law;

g.    Awarding Mr. Hurta the costs of this action, together with reasonable attorneys' fees and expert witness fees;

h.    Awarding Mr. Hurta post-judgment interest on the amount of judgment until paid at the maximum rate allowed by law; and

i.    Awarding Mr. Hurta such other relief, legal or equitable, as may be warranted.

Dated this 17th day of April, 2023.

                                                 Respectfully submitted,


                                                 /s/ John W. Griffin, Jr.
                                                 John W. Griffin, Jr.
                                                 State Bar No. 08460300
                                                 MAREK, GRIFFIN & KNAUPP
                                                 203 N. Liberty St.
                                                 Victoria, Texas 77901
                                                 Tel. 361-573-5500
                                                 Fax. 361-573-5040

                                                 Counsel for the Plaintiff